```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
MIGUEL TORRES,                                                   :
                                                                 :
                                        Plaintiff,               :
                                                                 :        20-cv-10782 (LJL)
            -v-                                                  :
                                                                 :        MEMORANDUM &
METRO-NORTH RAILROAD COMPANY,                                    :        ORDER
                                                                 :
                                        Defendants.              :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/16/2023

LEWIS J. LIMAN, United States District Judge:

     Plaintiff Miguel Torres ("Plaintiff" or "Torres") moves in limine to preclude Defendant Metro-North Railroad Company ("Defendant" or "MNR") from introducing into evidence at the forthcoming trial of this matter Railroad Retirement Board ("RRB") sickness or disability benefits, Metropolitan Transportation Authority ("MTA") disability benefits, MetLife Accident/Sickness Benefits, and MNR Sick Leave Benefits on grounds of the collateral source rule and Federal Rule of Civil Procedure 403.  Dkt. No. 38.  Plaintiff also seeks a pretrial ruling that statements made by co-employees, supervisors, and/or managers at MNR are admissible as admissions of a party opponent under Federal Rule of Civil Procedure 801(d)(2)(D).  Dkt. No. 42.  Plaintiff brings claims under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, arising from injuries he suffered on or about Mach 24, 2018, while working as a Structural Welder/Ironworker on Defendant's premises at 103rd Street and Park Avenue, in New York, New York.  Dkt. No. 1.  Trial in this case limited to damages is scheduled for March 20, 2023, and the pretrial conference is scheduled for February 21, 2023.  Dkt. No. 46.  Defendant has not filed papers opposing either request.

"The 'collateral source' rule of common law 'permits a plaintiff to recover the full measure of his damages, without setoff, even though the plaintiff is also compensated from an independent source such as insurance.'" *Perry v. Metro-N. Commuter R.R.*, 716 F. Supp. 61, 62 (D. Conn. 1989) (quoting *Brice v. National R.R.*, 664 F. Supp. 220, 221–22 (D. Md. 1987)). Because of this rule, evidence as to Plaintiff's receipt of certain sickness and disability benefits from independent sources such as the RRB, the MTA, and MetLife is irrelevant to the issue of Plaintiff's damages. Defendant is therefore precluded from introducing such evidence under Federal Rules of Evidence 401 and 403. *See Eichel v. New York Cent. R. Co.*, 375 U.S. 253, 255 (1963) ("[P]etitioner's receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact.").

This conclusion is not as straightforward with respect to Plaintiff's receipt of sick leave benefits, specifically Sick Leave Pay, from MNR. This is because the collateral source rule is modified in FELA cases with respects to benefits paid out by the employer to an employee pursuant to 45 U.S.C. § 55.[1] That statute provides:

> Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void: Provided, *That in any action brought against any such common carrier under or by virtue of any of the provisions of this chapter, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to any injured employee or the person entitled thereto on account of the injury or death for which said action was brought.*

---

[1] Had Defendant contributed to sickness and disability benefits Plaintiff received from the RRB, the MTA, and MetLife, 45 U.S.C. § 55 would also presumably apply to the question of whether such contributions could be offset against Plaintiff's recovery. However, because Defendant did not respond to Plaintiff's motion in limine, the Court has no basis for concluding that Defendant contributed to any benefit Plaintiff received other than the MNR sick leave benefits. Moreover, by not responding to Plaintiff's motion in limine, Defendant has forfeited any such argument or claim. *See United States v. Olano*, 507 U.S. 725, 731 (1993).

45 U.S.C. § 55 (emphasis added).

The Second Circuit has addressed the interaction of 45 U.S.C. § 55 and the collateral source rule in *Blake v. Delaware & Hudson Ry.*, 484 F.2d 204 (2d Cir.1973). In that case, the Circuit held that the employer is not entitled to set-off for payments made to the plaintiff as medical benefits as part of a plan for general hospital and medical coverage which were payable without regard to liability under FELA, on the theory that such payments constituted "fringe benefit[s]" constituting part of the employee's income for services. *Id*. at 206–07. Under the rule in *Blake*, "[a]pplication of the collateral source rule depends less upon the source of funds than upon the character of the benefits received." *Id.* at 206 (quoting *Haughton v. Blackships, Inc.*, 462 F.2d 788, 790 (5th Cir. 1972)). If the agreement between the employer and the representative of the employee requires generally that the employer provide the benefits for employees without regard to liability, the benefits are "in no sense a mere gratuity nor an arrangement by which the company has undertaken voluntarily to indemnify itself against possible liabilities to injured employees under FELA." *Id.* (quoting *Hall v. Minnesota Transfer Ry. Co.*, 322 F. Supp. 92, 95 (D. Minn. 1971)). Instead, such benefits are "in effect part of the employee's income for services rendered, and the collateral source rule prohibits set-off of premiums paid or benefits received thereunder by the employee." *Id.* (quoting *Hall*, 322 F. Supp. at 97). They are considered to emanate from an independent source. *See Perry*, 716 F. Supp. at 62 ("If it is viewed as the product of the employee's labors, it is deemed to come from a source collateral to the employer/tortfeasor rather than from the employer/tortfeasor itself."). "This rule may lead to double recovery by the employee, even where the payments originate ultimately with the employer." *Ojeda v. Metro. Transportation Auth.*, 477 F. Supp. 3d 65, 86 (S.D.N.Y. 2020), *aff'd*, 41 F.4th 56 (2d Cir. 2022). However, "[i]f the railroads wish to avoid

3

th[is] harsh result . . . , they can accomplish this by specific provision in the collective bargaining agreement." *Id.* at 207 (Friendly, J., concurring).

Plaintiff here asserts without contradiction that the sick leave pay was a fringe benefit that was not contingent upon FELA liability. Dkt. No. 38 at 3. The Collective Bargaining Agreement between MNR and Plaintiff ("CBA") supports that contention: Rule 46 of the CBA entitles employees to sick leave benefits at a rate of ninety percent of the daily rate of the position to which the employee is assigned. Dkt. No. 38-2 at ECF p. 65–66. It further provides that "[a]s a condition of receiving sick allowance, employees shall not file for or receive any benefits from the Railroad Retirement Board pursuant to the Railroad Unemployment Insurance Act," and that sick leave used by an employee who suffers an on the job injury "will be reinstated to the employee's sick leave bank upon settlement of his/her claim with the Risk Management Department." *Id.* The CBA contains no language with respect to FELA liability. This is in contrast to Rule 41 of the CBA which provides "Metro-North will have the right to offset health and welfare benefits paid against any right of recovery an employee injured on duty may have against Metro-North." *Id.* at ECF p. 62. The provisions of the CBA therefore support that Plaintiff's sick leave benefits were in effect income for services rendered and not an arrangement for MNR to indemnify itself against possibility liabilities under FELA.

It follows that Defendant will not be able to set off its sick leave payments to Plaintiff from any liability Defendant incurs to Plaintiff under FELA. Defendant has not offered any other basis for the admission of this evidence. It therefore is precluded from offering such evidence as well under Federal Rules of Evidence 401 and 403. *See Eichel*, 375 U.S. at 255.

Plaintiff also moves for leave to offer statements made by co-employees, supervisors, or managers at MNR about what they observed, said, and did in the course of their own

4

employment, and to use leading questions with such witnesses.  Dkt. No. 42.  Federal Rule of Evidence 801(d)(2)(D) excludes from the definition of hearsay a statement offered against an opposing party that "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed."  Fed. R. Evid. 801(d)(2)(D); *see Walsh v. New York City Housing Auth.*, 828 F.3d 70, 79 (2d Cir. 2016); *United States v. Lauersen*, 348 F.3d 329, 340 (2d Cir. 2003), *vacated on other grounds*, 543 U.S. 1097 (2005).  "A sufficient foundation to support the introduction of vicarious admissions therefore requires only that a party establish (1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency."  *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 537 (2d Cir. 1992).  "The authority granted in the agency relationship need not include authority to make damaging statements, but simply the authority to take action about which the statements relate."  *Pappas*, 963 F.2d at 538; *see also In re Rsrv. Fund Sec. & Derivative Litig.*, 2012 WL 12354233, at *4 (S.D.N.Y. Oct. 3, 2012).

Assuming Plaintiff establishes a sufficient foundation, he will be able to offer statements of the co-employees, supervisors, or managers as vicarious admissions under Rule 801(d)(2)(D).  He will also be permitted to treat current MNR supervisors and managers as hostile witnesses under Federal Rule of Evidence 611(c).  The Court will address at the pretrial conference or at trial whether former MNR supervisors and managers and whether MNR co-employees qualify as hostile witnesses.

SO ORDERED.

Dated: February 16, 2023
New York, New York

_____
LEWIS J. LIMAN
United States District Judge